**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR<br>INDUSTRY PENSION FUND<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228, | : | |
| | : | |
| TRUSTEES OF THE NATIONAL ELEVATOR<br>INDUSTRY HEALTH BENEFIT PLAN<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228, | : | |
| | : | |
| TRUSTEES OF THE NATIONAL ELEVATOR<br>INDUSTRY EDUCATIONAL PLAN<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228, | : | |
| | : | |
| TRUSTEES OF THE ELEVATOR INDUSTRY<br>WORK PRESERVATION FUND<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228, | : | **COMPLAINT**<br>**CIVIL ACTION NO.** |
| | : | |
| and | : | |
| | : | |
| TRUSTEES OF THE ELEVATOR<br>CONSTRUCTORS ANNUITYAND<br>401(K) RETIREMENT PLAN<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| IES, LLC<br>4000 Garden View Drive, Suite 102<br>Grand Forks, ND 58201, | : | |
| | : | |
| RAYMOND KUNTZ<br>4000 Garden View Drive, Suite 102<br>Grand Forks, ND 58201, | : | |
| | : | |
| Defendants. | : | |

<u>**COMPLAINT IN CONFESSION OF JUDGMENT**</u>

**(FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT AND SETTLEMENT AGREEMENT; TO COLLECT AMOUNTS DUE TO BENEFIT FUNDS; TO ENTER CONFESSED JUDGMENT)**

<u>**Parties**</u>

1.      The National Elevator Industry Pension Fund ("Pension Fund") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37).  The Pension Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust.  The Pension Fund is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228.  The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

2.      The National Elevator Industry Health Benefit Plan ("Health Benefit Plan") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37).  The Health Benefit Plan was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust.  The Health Benefit Plan is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228.  The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

3.      The National Elevator Industry Educational Plan ("Educational Plan") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37).  The Educational Plan was established and is maintained according to the provisions of its Restated

2

Agreement and Declaration of Trust. The Educational Plan is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228. The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

4.      The Elevator Industry Work Preservation Fund ("Work Preservation Fund") is a labor-management cooperation committee as provided for in Section 302(c)(9) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(9), and Section 6 of the Labor-Management Cooperation Act of 1978, 29 U.S.C. § 175a. The Work Preservation Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Work Preservation Fund is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228.

5.      The Elevator Constructors Annuity and 401(k) Retirement Plan ("Annuity 401(k) Plan") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37). The Annuity 401(k) Plan was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Annuity 401(k) Plan is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228. The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

6.      IES, LLC ("IES"), is a North Dakota business existing under North Dakota laws with offices located at 4000 Garden View Drive, Suite 102, Grand Forks, ND 58201.

7.      IES transacts business in North Dakota as a contractor or subcontractor in the elevator industry and at all relevant times herein was an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), (12) and (14) of ERISA, 29 U.S.C. §§ 1002(5), (9),

(11), (12) and (14); and Section 3 of the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a.

8.      At all relevant times, IES was and is signatory and bound to the Agreements between the International Union of Elevator Constructors, AFL-CIO, and the National Elevator Bargaining Association ("Collective Bargaining Agreements") by virtue of its Short Form Agreement.

9.      Raymond Kuntz is an officer and owner of IES, and resides at 4000 Garden View Drive, Suite 102, Grand Forks, ND 58201.

10.      At all relevant times, Raymond Kuntz exercised control and discretion over the assets of IES, including, but not limited to, decisions regarding the collection of receivables for IES, the disbursement of payroll to employees, the disbursement of any payroll deductions authorized by IES's employees, and the amounts to be paid to the Plaintiffs.   Accordingly, Raymond Kuntz is a fiduciary to the Pension Fund, Health Benefit Plan, Educational Plan, and Annuity 401(k) Plan, as defined in ERISA §3(21)(A), 29 U.S.C.A. §1002(21)(A).

### Jurisdiction

11.      This Court has jurisdiction of this action under Sections 404, 409, 502 and 515 of the Employee Retirement Income Security Act of 1974 (as amended) ("ERISA"), 29 U.S.C. §§1104, 1109, 1132 and 1145, under Sections 301(a) and (c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a) and (c), and supplemental jurisdiction for any state law claims under 28 U.S.C. Section 1367(a).   This is an action for breach of a settlement agreement and for the entry of a confessed judgment.

12.      The Confession of Judgment authorizes the Plaintiffs to file a Complaint in this Court in the event of a default by the Defendants IES and Raymond Kuntz.

## COUNT I

### (ENTRY OF CONFESSED JUDGMENT)

13.     The Plaintiffs, the Pension Fund, Health Benefit Plan, Educational Plan, Work Preservation Fund, and Annuity 401(k) Plan ("Benefit Funds" or "Benefit Fund Plaintiffs") hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 12 as if fully set forth in Count I.

14.     Pursuant to its Collective Bargaining Agreements, Defendant IES agreed to pay to the Benefit Fund Plaintiffs certain sums of money for each hour worked by Defendant's employees covered by the Collective Bargaining Agreements.

15.     Defendant IES employed certain employees covered by the Collective Bargaining Agreements, but failed to pay the entire amount when due to the Benefit Funds for work performed from October 2020 through April 2021 as required by the Collective Bargaining Agreements and the Benefit Fund Plaintiffs' Restated Agreements and Declarations of Trust.

16.     The Benefit Fund Plaintiffs' Restated Agreements and Declarations of Trust provide that an employer who fails to pay the amounts required when due shall be obligated to pay, in addition to the contributions owed, and liquidated damages plus interest from the date due through the date of payment.

17.     The Benefit Fund Plaintiffs and the Defendants IES and Raymond Kuntz entered into a Settlement Agreement and Confession of Judgment to resolve its failure to pay contributions timely to the Benefit Funds for work performed from October 2020 through April 2021.  (Exhibit 1 (Declaration of Robert O. Betts, ¶ 6; Declaration of Robert O. Betts, Exhibit A).)

18.     Raymond Kuntz, on behalf of IES, knowingly executed the Confession of Judgment, and is of sufficient age and education to understand its terms as provided in the seventh paragraph of the Affidavit for Confession of Judgment.

19.     The Affidavit of Confession of Judgment was executed by IES and Raymond Kuntz, as part of the terms of a comprehensive settlement agreement.  (Exhibit 1 (Declaration of Robert O. Betts, ¶ 6; Declaration of Robert O. Betts, Exhibit B).).

20.     IES and Raymond Kuntz made a voluntary, knowing and intelligent waiver of the right to notice and a prejudgment hearing on the merits of the Benefit Funds' claims as provided in the fourth paragraph of the Affidavit for Confession of Judgment.

21.     The Defendants IES and Raymond Kuntz are in default of the terms of the Settlement Agreement referred to in the Affidavit for Confession of Judgment.  The Defendants IES and Raymond Kuntz failed to make the payments due on May 1, 2022 and each month thereafter under the terms of the Settlement Agreement.  (Exhibit 1 (Declaration of Robert O. Betts, ¶ 7).)

22.     The Defendants IES and Raymond Kuntz are in default of the terms of the Settlement Agreement referred to in the Affidavit for Confession of Judgment.  The Defendants IES and Raymond Kuntz failed to make the regular monthly contributions payment due in June, July, and August 2022 as required under the terms of the Settlement Agreement.  (Exhibit 1 (Declaration of Robert O. Betts, ¶ 7).)

23.     The Affidavit of Confession of Judgment provides that in the event of a default by IES and Raymond Kuntz, in the payment of any amount due under the terms of the Settlement

Agreement, interest will be assessed on the sum of $146,859.46, less any amounts paid, at the rate of nine percent (9%) per annum.  (Exhibit 1 (Declaration of Robert O. Betts, ¶ 8).)

24.     Interest in the amount of $8,451.11 has accrued as of September 30, 2022.  (Exhibit 1 (Declaration of Robert O. Betts, ¶ 9).)

25.     The Affidavit of Confession of Judgment provides that in the event of a default by Defendants IES and Raymond Kuntz in the payment of any amount due under the terms of the Settlement Agreement, the Benefit Fund Plaintiffs may confess a judgment against IES and Raymond Kuntz in favor of the holder for the full amount then due.  (Exhibit 1 (Declaration of Robert O. Betts, ¶ 10).)

26.     The Defendants have paid $77,903.60 under the terms of the Settlement Agreement.  (Exhibit 1 (Declaration of Robert O. Betts, ¶ 7).)

27.     A Judgment in the amount of $77,406.96 is appropriately entered against Defendants IES and Raymond Kuntz as provided by the terms of the Affidavit for Confession of Judgment.  (Exhibit 1 (Declaration of Robert O. Betts, ¶ 12; Declaration of Robert O. Betts, Exhibit C).)

28.     The Confession of Judgment and Judgment by Confession does not involve a loan defined as a "consumer credit transaction" in accordance with Annex. A to Title 231, Chapter 2950, Rule 295 1(a)(2).

29.     The Confession of Judgment and Judgment by Confession arose out of a business transaction and were not entered into for personal, family or household purposes.  The Confession of Judgment and Judgment by Confession do not arise out of a retail installment sale, contract or account as defined under the Goods and Services Installment Sales Act, 69 P.S. §1101, *et seq.*

30.     The Judgment by Confession is not being entered against natural persons in connection with a consumer credit transaction.  The Judgment by Confession is not being entered in connection with a residential lease.

31.     Neither the Confession of Judgment nor the Judgment by Confession have been assigned and Plaintiffs are the current holder thereof.

32.     Judgment has not been entered on the Judgment by Confession or the Confession of Judgment in any other jurisdiction.

33.     The Judgment by Confession is less than twenty years old and no application for a court order granting leave to enter judgment after notice is required.

34.     Upon information and belief, the Defendants are not a member of the military.

**WHEREFORE,** the Plaintiffs pray judgment on Count I as follows:

1.  For a Court Order entering judgment against Defendants IES and Raymond Kuntz jointly and severally, as provided in the Confession of Judgment, in the amount of $77,406.96.

Respectfully submitted,

**Date:** <u>October 12, 2022</u>

<u>/s Andrew Costa-Kelser</u>
Andrew Costa-Kelser, Bar No. 314865
**O'DONOGHUE & O'DONOGHUE LLP**
Constitution Place, Suite 600
Philadelphia, PA  19106
Telephone (215) 629-4970
Facsimile (215) 629-4996
<u>akelser@odonoghuelaw.com</u>

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION FUND, et al., | : |
| | : |
| Plaintiffs, | : Civil Action No. _____ |
| | : |
| v. | : |
| | : |
| IES, LLP, et al., | : |
| | : |
| Defendants. | : |

## <u>NOTICE</u>

Pursuant to Rule 236 of the Supreme Court of Pennsylvania, and Federal Rule of Civil Procedure 54, you are hereby notified that a Judgment by Confession has been entered against you in the above-proceeding.  Enclosed is a copy of the Complaint and accompanying documents filed in support of said Judgment.

If you have any questions concerning this Notice, please call Andrew Kelser at (215) 629-4970.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

By:   _____
George Wylesol, Clerk

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION FUND, et al., | : |
| | : |
| Plaintiffs, | : Civil Action No. _____ |
| | : |
| v. | : |
| | : |
| IES, LLP, et al., | : |
| | : |
| Defendants. | : |

### PRAECIPE FOR ENTRY OF JUDGMENT BY CONFESSION

COME NOW Plaintiffs, by and through their attorneys, O'Donoghue & O'Donoghue LLP, and request the Clerk of the Court to enter a Judgment by Confession against Defendants IES, LLP and Raymond Kuntz jointly and severally, in the amount of $77,406.96.

This Request is brought pursuant to Rule 236 of the Supreme Court of Pennsylvania and Rule 54 of the Federal Rules of Civil Procedure. The basis for this Request is set forth in the attached Declaration in Support of and Request for Clerk's Entry of Judgment by Confession.

Respectfully submitted,

**Date:** October 12, 2022

/s Andrew Costa-Kelser
Andrew Costa-Kelser, Bar No. 314865
**O'DONOGHUE & O'DONOGHUE LLP**
Constitution Place, Suite 600
Philadelphia, PA 19106
Telephone (215) 629-4970
Facsimile (215) 629-4996
akelser@odonoghuelaw.com

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION FUND, et al., | : <br> : <br> : |
| Plaintiffs, | : Civil Action No. _____ |
| v. | : <br> : |
| IES, LLP, et al., | : <br> : |
| Defendants. | : |

## JUDGMENT BY CONFESSION

It appearing from the records in the above entitled action that the Plaintiffs, Trustees of the National Elevator Industry Pension Fund, Health Benefit Plan, and Educational Plan, Trustees of the Elevator Industry Work Preservation Fund, and Trustees of the Elevator Constructors Annuity and 401(K) Retirement Plan, have filed a complaint in confession of judgment;

It is **ORDERED** and **ADJUDGED** that Judgment by Confession be and the same hereby is entered as follows:

1)      In favor of Plaintiffs, Trustees of the National Elevator Industry Pension Fund, Health Benefit Plan, and Educational Plan, Trustees of the Elevator Industry Work Preservation Fund, and Trustees of the Elevator Constructors Annuity and 401(K) Retirement Plan against Defendants IES, LLP and Raymond Kuntz, jointly and severally, in the amount of $77,406.96, with post-judgment interest to accrue at the statutory rate;

2)      That the Clerk of Court shall transmit a copy of this Order to all counsel of record and to the Defendants; and

3)      That the Clerk of Court shall close this case.


_____
United States District Judge
Eastern District Of Pennsylvania

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION FUND, et al., | : |
| | : |
| Plaintiffs, | : Civil Action No. _____ |
| | : |
| v. | : |
| | : |
| IES, LLP, et al., | : |
| | : |
| Defendants. | : |

**DECLARATION IN SUPPORT OF AND**
**REQUEST FOR CLERK'S ENTRY OF JUDGMENT BY CONFESSION**

I hereby certify, declare, and verify under penalty of perjury, and pursuant to 28 U.S.C. Section 1746, this 12th day of October 2022, that I am an attorney of record for the Plaintiffs in the above-captioned case and that Defendants IES, LLP and Raymond Kuntz executed the Settlement Agreement and Confession of Judgment, and that the Defendants IES, LLP and Raymond Kuntz breached the terms of the Settlement Agreement and Confession of Judgment by failing to make required payments to the Plaintiffs.

Therefore, the Clerk of Court is requested to enter a Judgment by Confession against Defendants IES, LLP and Raymond Kuntz pursuant to Rule 236 of the Supreme Court of Pennsylvania and Federal Rule of Civil Procedure 54.

Respectfully submitted,

**Date:** <u>October 12, 2022</u>

<u>/s Andrew Costa-Kelser</u>
Andrew Costa-Kelser, Bar No. 314865
**O'DONOGHUE & O'DONOGHUE LLP**
Constitution Place, Suite 600
Philadelphia, PA 19106
Telephone (215) 629-4970
akelser@odonoghuelaw.com

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION FUND, et al., | : <br> : <br> : |
| Plaintiffs, | : Civil Action No. _____ <br> : |
| v. | : <br> : |
| IES, LLP, et al., | : <br> : |
| Defendants. | : |

## ASSESSMENT OF DAMAGES

TO THE PROTHONOTARY:

You are hereby directed to assess damages in favor of Plaintiffs, Trustees of the National Elevator Industry Pension Fund, Health Benefit Plan, and Educational Plan, Trustees of the Elevator Industry Work Preservation Fund, and Trustees of the Elevator Constructors Annuity and 401(K) Retirement Plan, and Defendants IES, LLP and Raymond Kuntz, jointly and severally, in the amount of $77,406.96.

Respectfully submitted,

**Date:** October 12, 2022

/s Andrew Costa-Kelser
Andrew Costa-Kelser, Bar No. 314865
**O'DONOGHUE & O'DONOGHUE LLP**
Constitution Place, Suite 600
Philadelphia, PA  19106
Telephone (215) 629-4970
Facsimile (215) 629-4996
akelser@odonoghuelaw.com

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION FUND, et al., | : |
| | : |
| | : |
| Plaintiffs, | : Civil Action No. _____ |
| | : |
| v. | : |
| | : |
| IES, LLP, et al., | : |
| | : |
| Defendants. | : |

**CERTIFICATION OF ADDRESSES**

I, Andrew Kelser, certify to the best of my knowledge, information and belief that the Plaintiffs' address is 19 Campus Blvd., Suite 200, Newtown Square, PA 19073; the last known address of Defendant IES, LLP is 4000 Garden View Drive, Suite 102, Grand Forks, ND 58201; and the last known address of Defendant Raymond Kuntz is 4000 Garden View Drive, Suite 102, Grand Forks, ND 58201.

Respectfully submitted,

**Date:** October 12, 2022

/s Andrew Costa-Kelser
Andrew Costa-Kelser, Bar No. 314865
**O'DONOGHUE & O'DONOGHUE LLP**
Constitution Place, Suite 600
Philadelphia, PA  19106
Telephone (215) 629-4970
Facsimile (215) 629-4996
akelser@odonoghuelaw.com

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION FUND, et al., | : : : |
| Plaintiffs, | : Civil Action No. _____ |
| | : |
| v. | : |
| | : |
| IES, LLP, et al., | : |
| | : |
| Defendants. | : |

## NOTICE OF RIGHT TO RECOVER ATTORNEY FEES AND COSTS AND PROCEDURE TO
## <u>FOLLOW TO STRIKE OR OPEN A CONFESSED JUDGMENT</u>

TO:   IES LLP
4000 Garden View Drive, Suite 102
Grand Forks, ND 58201

Raymond Kuntz
4000 Garden View Drive, Suite 102
Grand Forks, ND 58201

A judgment in the amount of $77,406.96 has been entered against you and in favor of the Plaintiffs without any notice of prior hearing based on a Judgment by Confession contained in a written agreement or other document allegedly signed by you. The U.S. Marshall or Sheriff may take your property or money to satisfy this judgment at any time after thirty (30) days after this notice has been served on you.

You may have legal rights to defeat the judgment or to prevent your property or money from being taken. YOU MUST FILE A PETITION SEEKING RELIEF FROM THE JUDGMENT AND PRESENT IT TO A JUDGE WITHIN THIRTY (30) DAYS AFTER THE DATE ON WHICH THIS NOTICE IS SERVED ON YOU OR YOU MAY LOSE YOUR RIGHTS.

Pursuant to 42 Pa.C.S.A. 2737.1, you are hereby notified that a debtor who has been incorrectly identified and had a confession of judgment entered against him shall be entitled to costs and reasonable attorney's fees as determined by the Court.

Pursuant to 42 Pa.C.S.A. 2737.1, you are hereby notified of the instructions regarding the procedure to follow to strike off or open a confessed judgment under Pennsylvania Rule of Civil Procedure 2959, which is reproduced in full on the following page.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW WHERE YOU CAN GET LEGAL HELP.

Philadelphia Bar Association
Lawyer Referral and Information Service
One Reading Center
1101 Market Street, 11th Fl
Philadelphia, PA 19107
(215) 238-6300

Respectfully submitted,

**Date:**  October 12, 2022

/s Andrew Costa-Kelser
Andrew Costa-Kelser, Bar No. 314865
**O'DONOGHUE & O'DONOGHUE LLP**
Constitution Place, Suite 600
Philadelphia, PA  19106
Telephone (215) 629-4970
Facsimile (215) 629-4996
akelser@odonoghuelaw.com

Pennsylvania Rule of Civil Procedure 2959
Striking Off or Opening Judgment; Pleadings; Procedure

(a)(1) Relief from a judgment by confession shall be sought by petition. Except as provided in subparagraph (2), all grounds for relief whether to strike off the judgment or to open it must be asserted in a single petition. The petition may be filed in the county in which the judgment was originally entered, in any county to which the judgment has been transferred or in any other county in which the sheriff has received a writ of execution directed to the sheriff to enforce the judgment.
(2) The ground that the waiver of the due process rights of notice and hearing was not voluntary, intelligent and knowing shall be raised only
(i) in support of a further request for a stay of execution where the court has not stayed execution despite the timely filing of a petition for relief from the judgment and the presentation of prima facie evidence of a defense; and
(ii) as provided by Rule 2958.3 or Rule 2973.3.
(3) If written notice is served upon the petitioner pursuant to Rule 2956.1(c)(2) or Rule 2973.1(c), the petition shall be filed within thirty days after such service. Unless the defendant can demonstrate that there were compelling reasons for the delay, a petition not timely filed shall be denied.
(b) If the petition states prima facie grounds for relief the court shall issue a rule to show cause and may grant a stay of proceedings. After being served with a copy of the petition the plaintiff shall file an answer on or before the return day of the rule. The return day of the rule shall be fixed by the court by local rule or special order.
(c) A party waives all defenses and objections which are not included in the petition or answer.
(d) The petition and the rule to show cause and the answer shall be served as provided in Rule 440.
(e) The court shall dispose of the rule on petition and answer, and on any testimony, depositions, admissions and other evidence. The court for cause shown may stay proceedings on the petition insofar as it seeks to open the judgment pending disposition of the application to strike off the judgment. If evidence is produced which in a jury trial would require the issues to be submitted to the jury the court shall open the judgment.
(f) The lien of the judgment or of any levy or attachment shall be preserved while the proceedings to strike off or open the judgment are pending.
(g) (1) A judgment shall not be stricken or opened because of a creditor's failure to provide a debtor with instructions imposed by an existing statute, if any, regarding procedures to follow to strike a judgment or regarding any rights available to an incorrectly identified debtor.
(2) Subdivision (g)(1) shall apply to (1) judgments entered prior to the effective date of subdivision (g)[1] which have not been stricken or opened as of the effective date and (2) judgments entered on or after the effective date.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION FUND, et al., | : <br> : <br> : |
| Plaintiffs, | : Case No. _____ |
| | : |
| v. | : |
| | : |
| IES, LLP, et al., | : |
| | : |
| Defendants, | : |

## CONFESSION OF JUDGMENT

Pursuant to the authority set forth in the Confession of Judgment, I appear for the Defendants IES, LLP and Raymond Kuntz, and confess judgment in favor of the Plaintiffs, Trustees of the National Elevator Industry Pension Fund, Health Benefit Plan, and Educational Plan, Trustees of the Elevator Industry Work Preservation Fund, and Trustees of the Elevator Constructors Annuity and 401(K) Retirement Plan, and against Defendants IES, LLP and Raymond Kuntz in the amount of $77,406.96.

Respectfully submitted,

**Date:** October 12, 2022

/s Andrew Costa-Kelser
Andrew Costa-Kelser, Bar No. 314865
**O'DONOGHUE & O'DONOGHUE LLP**
Constitution Place, Suite 600
Philadelphia, PA  19106
Telephone (215) 629-4970
Facsimile (215) 629-4996
akelser@odonoghuelaw.com

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION FUND, et al., | : <br> : <br> : |
| Plaintiffs, | : Civil Action No. _____ <br> : |
| v. | : <br> : |
| IES, LLP, et al., | : <br> : |
| Defendants. | : |

**DECLARATION OF ROBERT O. BETTS, JR.**

I, Robert O. Betts, Jr., hereby certify, declare and verify as follows:

1. That I am the Executive Director of the National Elevator Industry Pension Fund, National Elevator Industry Health Benefit Plan, and Elevator Constructors Annuity and 401(k) Retirement Plan.

2. I have been retained by the National Elevator Industry Educational Plan and Elevator Industry Work Preservation Fund to act on their behalf for the purpose of collecting unpaid contributions to the National Elevator Industry Educational Plan and Elevator Industry Work Preservation Fund.

3. I am over the age of 18 and competent to testify to the facts contained in this Declaration.  I am authorized to execute this Declaration on behalf of the National Elevator Industry Pension Fund, National Elevator Industry Health Benefit Plan, Elevator Constructors Annuity and 401(k) Retirement Plan, National Elevator Industry Educational Plan, and Elevator Industry Work Preservation Fund ("Benefit Funds").

4. IES, LLP ("IES") executed a Short Form Agreement and agreed to be bound to the Collective Bargaining Agreements between the International Union of Elevator Constructors, AFL-CIO, and the National Elevator Bargaining Association.  IES currently is bound to the terms

of the Collective Bargaining Agreement between the International Union of Elevator Constructors, AFL-CIO, and the National Elevator Bargaining Association.

5.      IES provided contributions reports to the Benefit Funds for the months of October 2020 through April 2021.  However, it failed to pay contributions when due to the Benefit Funds for hours worked by its employees during these months.

6.      That in order to resolve its failure to pay contributions when due to the Benefit Funds, IES, and its principal, Raymond Kuntz, executed a Settlement Agreement and Confession of Judgment on July 1, 2021.  The Settlement Agreement and Confession of Judgment required IES and Raymond Kuntz to make regularly monthly settlement payments to satisfy the outstanding amount of $146,859.46.  The Settlement Agreement and Confession of Judgment also required IES and Raymond Kuntz to report and pay contributions to the Benefit Funds on a monthly basis for any work period not covered by the Settlement Agreement.  The Affidavit of Confession of Judgment is attached as Exhibit A to this Declaration.  The Settlement Agreement is attached as Exhibit B to this Declaration.

7.      IES and Raymond Kuntz paid $77,903.60 before breaching the terms of the Settlement Agreement and Confession of Judgment by failing to make the payments due on May 1, 2022 and thereafter and the monthly contribution payments due in June, July, and August 2022.

8.      The Affidavit of Confession of Judgment provides that in the event of a default by IES and Raymond Kuntz in the payment of any amount due under the terms of the Settlement Agreement, interest will be assessed on the sum of $146,859.46, less any amounts paid, at the rate of nine percent (9%) per annum.

9.      Interest in the amount of $8,451.11 has accrued as of September 30, 2022.

2

10.     The Affidavit of Confession of Judgment provides that in the event of a default by Defendants IES and Raymond Kuntz in the payment of any amount due under the terms of the Settlement Agreement, the Benefit Fund Plaintiffs may confess a judgment against IES and Raymond in favor of the holder for the full amount then due.

11.     Subject to the terms of the Settlement Agreement and Confession of Judgment, IES and Raymond Kuntz owe $77,406.96 in unpaid contributions, interest and liquidated damages assessed on unpaid contributions, and interest assessed on the principal amount subject to the Confession of Judgment, less the amount paid by Defendants IES and Raymond Kuntz.  The chart attached to this Declaration as Exhibit C details these calculations.

Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury that the foregoing is true

and correct.  Executed this ___ day of October 2022, in Newtown Square, Pennsylvania.
7th

_____
ROBERT O. BETTS, JR.
EXECUTIVE DIRECTOR

4

# Declaration of Robert O. Betts, Jr. Exhibit A

## AFFIDAVIT FOR
## CONFESSION OF JUDGMENT

I, Raymond Anthony Kuntz, as Owner of IES LLC, and on behalf of myself, and Wolfe Clarke, as owner of IEC LLC, and on behalf of myself, being duly sworn hereby state as follows under penalty of perjury:

1.      I am making a voluntary, knowing and intelligent waiver of my right, and IES LLC's right, to notice and a prejudgment hearing on the merits of the claim for damages against IES LLC, and against Raymond Anthony Kuntz and Wolfe Clark individually, by the Trustees of the National Elevator Industry Pension Fund, National Elevator Industry Health Benefit Fund, National Elevator Industry Educational Fund, Elevator Industry Work Preservation Fund, and the Elevator Constructors Annuity and 401(k) Retirement Fund (collectively referred to as the "Benefit Plans"). I have the authority to execute this document on behalf of IES LLC and on behalf of myself.

2.      For value received and in consideration of the mutual promises set forth in the Settlement Agreement, IES LLC, Raymond Anthony Kuntz, and Wolfe Clark have promised to pay the sum of $146,859.46 to the Benefit Plans in the event of a default by IES LLC, Raymond Anthony Kuntz, and Wolfe Clark in the payment of any amount when due under the terms of the Settlement Agreement. Interest will be assessed on this sum in the amount of nine percent (9%) per annum. This amount is justly due to the Benefit Plans pursuant to the terms of collective bargaining agreements between IES LLC and the International Union of Elevator Constructors, AFL-CIO, for delinquent contributions, interest, and liquidated damages for work performed for the work period of October 2020 through April 2021. The attached summary of damages details these amounts. IES LLC, Raymond Anthony Kuntz, and Wolfe Clark recognize that they have no meritorious defense to the Benefit Plan's claim to payment of this amount.

3.     In the event of default by IES LLC of any obligation under the terms of the Settlement Agreement, time being of the essence hereof, the holder of this Confession of Judgment, at their option, may, without presentment, protest, notice or demand, declare the entire principal sum of $146,859.46 then unpaid, together with any accrued and unpaid interest thereon, immediately due and payable by IES LLC, Raymond Anthony Kuntz, and Wolfe Clark and obtain a final judgment against IES LLC, Raymond Anthony Kuntz, and Wolfe Clark, jointly and severally, by any court.

4.     IES LLC, Raymond Anthony Kuntz, and Wolfe Clark hereby authorize any attorney at law to appear on its behalf in any court of record including the United States District Court for the Eastern District of Pennsylvania, file this Affidavit, and confess a judgment against IES LLC, Raymond Anthony Kuntz, and Wolfe Clark in favor of the holder for the full amount then due and to release all errors and waive all right of appeal.  Upon such confession, IES LLC, Raymond Anthony Kuntz, and Wolfe Clark agree that a judgment is properly entered against IES LLC, Raymond Anthony Kuntz, and Wolfe Clark, jointly and severally, by any court, including the United States District Court for the Eastern District of Pennsylvania.  IES LLC hereby waives any right to notice and a prejudgment hearing on the merits of the Benefit Plans' claim to payment under this Confession of Judgment.

5.     The terms of this Confession of Judgment are binding upon, and inure to the benefit of, the parties and their respective successors and assigns.  Successors and assigns means, but is not limited to, any assignment, whether voluntary or involuntary, by merger (regardless of whether the party is the surviving or disappearing entity), change of control, asset purchase, consolidation, dissolution, operation of law, sale, of any kind or other manner.  IES LLC, Raymond Anthony Kuntz, and Wolfe Clark specifically warrant that in the event of a succession or assignment, it will place any successor or assignee on notice of this Confession of Judgment, and will obtain the

2

successor or assignee's express written agreement to assume and be bound by this Confession of Judgment.

 6. This judgment is not being entered by confession against a natural person in connection with a consumer credit transaction, a residential lease, or a retail installment sale, contact, or account as defined under the Goods and Services Installment Sales Act, 69 P.S. 1101, *et seq.*

 7. The undersigned have executed this Confession of Judgment voluntarily, knowingly, and intelligently in order to resolve a delinquency in payments to the Benefit Plans. IES LLC's mailing address to affect mail delivery upon IES LLC is 4000 Garden View Drive STE 102, Grand Forks, ND 58201.  Raymond Anthony Kuntz's mailing address to affect mail delivery on him is 4000 Garden View Drive STE 102, Grand Forks, ND 58201.  Wolfe Clark's mailing address to affect mail delivery on him is 4000 Garden View Drive STE 102, Grand Forks, ND 58201.  The undersigned are over eighteen years old.

Dated: ~~May~~ July 1, 2021

_____
Raymond Anthony Kuntz

Sworn to and subscribed before me
this 1 day of ~~May 2021.~~ July 2021

_____
NOTARY PUBLIC
My Commission Expires: 01/31/24

CHELSEY M JARZIN
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/2024

_____
Owner/Principal, on behalf of ~~American Eagle Elevator LLC~~ IES, LLC

**Wolfe Clark**
Wolfe Clarke

Digitally signed by Wolfe Clark
DN: cn=Wolfe Clark, o=IES
Elevator Services, ou=IES Elevator
Services, email=wolfe.clark@ies-
elevatorservices.com, c=US
Date: 2021.07.01 14:28:14 -05'00'

3

# Declaration of Robert O. Betts, Jr. Exhibit B

## SETTLEMENT AGREEMENT, RELEASE, AND CONFESSION OF JUDGMENT

**THIS SETTLEMENT AGREEMENT, RELEASE AND CONFESSION OF JUDGMENT** ("Settlement Agreement") is entered into on this 1 day of July, 2021, between IES LLC, Raymond Anthony Kuntz, Wolfe Clark, and the Trustees of the National Elevator Industry Pension Fund, National Elevator Industry Health Benefit Fund, National Elevator Industry Educational Fund, Elevator Industry Work Preservation Fund, and the Elevator Constructors Annuity and 401(k) Retirement Fund (collectively referred to as "Benefit Funds").

**WHEREAS**, IES LLC owes certain amounts to the Benefit Funds under the terms of its Collective Bargaining Agreement with the International Union of Elevator Constructors, AFL-CIO for the period of October 2020 through April 2021, and

**WHEREAS**, the parties desire to make arrangements for the payment of the delinquent amounts owed to the Benefit Funds, and

**WHEREAS**, the undersigned represent that they are authorized to execute this Settlement Agreement and Release and Confession of Judgment and bind the respective parties to the terms of this document,

**NOW, THEREFORE**, the parties hereby agree, in consideration of good and valuable consideration, the receipt of which is hereby acknowledged, as follows:

1.    The foregoing recitals are made a part of this Settlement Agreement and Release.

2.    IES LLC acknowledges that it owes the Benefit Funds the amount of $146,859.46 for delinquent contributions, interest, and liquidated damages for the work period of October 2020 through April 2021. The attached Summary of Damages details these amounts.

3.    In order to resolve the Indebtedness to the Benefit Funds, IES LLC agrees to pay the sum of $122,570.61. This amount will be paid by way of an initial payment with an initial payment

of $7,082.20 due on the date of execution of the agreement, and seventeen payments of $7,082.20 monthly payments due on the first day of each month, with the final payment due on November 1, 2022, with interest accruing on any outstanding balance at the rate of five percent (5%) per annum. The parties agree that time is of the essence. All payments are to be made payable to the "NEI Benefit Plans" and received before the close of business on the date due (or if the date due falls on a weekend or holiday, received on the next regular business day) to O'Donoghue & O'Donoghue LLP, c/o Andrew Kelser, 325 Chestnut Street, Suite 600, Philadelphia, PA 19106.

4.    If IES LLC fails to make any scheduled payment to liquidate its Indebtedness to the Benefit Funds as provided in Paragraph 3, or if IES LLC fails to keep current in its future obligations to the Benefit Funds, the Benefit Funds may, without additional notice or demand, declare the entire Indebtedness then unpaid, together with accrued interest thereon, immediately due and payable.

5.    IES LLC acknowledges that the Collective Bargaining Agreement provides that contribution reports and payments are due no later than 15th day of each month following the work month. For example, the report of hours and contributions owed for work performed in April are due no later than May 15. IES LLC acknowledges further that the Collective Bargaining Agreement provides for interest and liquidated damages to be assessed on late payments.

6.    IES LLC acknowledges that the Collective Bargaining Agreement provides that employee 401(k) elective deferrals are due no later than 7 calendar days following the day in which the amounts were deducted from the Employee's pay. IES LLC acknowledges further that the Collective Bargaining Agreement provides for liquidated damages, and interest and/or lost earnings, to be assessed on employee 401(k) elective deferrals remitted late.

2

7.   IES LLC agrees that for the duration of the payment schedule set forth in Paragraph 3 above, it will submit all monthly contribution payments to O'Donoghue & O'Donoghue LLP, c/o Andrew Kelser, 325 Chestnut Street, Suite 600, Philadelphia, PA 19106, by the close of business on the date due.  All payments are to be made payable to the "NEI Benefit Plans".

8.   IES LLC, Raymond Anthony Kuntz, and Wolfe Clark agree to the entry of the attached Confession of Judgment.  In the event IES LLC breaches the terms of this Settlement Agreement and Release, the Benefit Funds may, without notice or demand, declare the entire total indebtedness then unpaid, together with accrued interest thereon and less any payments made toward the principal amount, immediately due and payable by IES LLC, Raymond Anthony Kuntz, and Wolfe Clark, and the Benefit Plans may file the attached Confession of Judgment, with IES LLC, Raymond Anthony Kuntz, and Wolfe Clark, responsible for all costs and attorney's fees.

9.   In the event of a future lawsuit to enforce payment of the Settlement Agreement and Release, IES LLC, Raymond Anthony Kuntz, and Wolfe Clark agree to pay reasonable costs and attorneys' fees to the Benefit Funds.

10.  The parties agree that IES LLC may pay the principal amount early, without penalty. However, any partial prepayment shall not alter IES LLC's obligation to make its next monthly payment in accordance with the terms set forth in Paragraph 3.

11.  IES LLC agrees that title to all amounts to be paid to the Benefit Funds under the terms of this Settlement Agreement and Release and the Collective Bargaining Agreement, whether paid or unpaid, vests and becomes a plan trust asset on the date due.  IES LLC further acknowledges that it is bound to the Restated Agreements and Declarations of Trust establishing the Benefit Plans and the *Guidelines for Employers Participating in the National Elevator Industry Pension Fund, the National Elevator Industry Health Benefit Fund, the National Elevator Industry Educational*

3

*Program, the Elevator Constructors Annuity and 401(k) Retirement Plan and the Elevator Industry Work Preservation Fund* ("Employer Guidelines").

12. Nothing in this Settlement Agreement and Release shall be interpreted to alter or amend the terms of the Collective Bargaining Agreement or the Benefit Funds' Declarations of Trust.

13. Upon satisfaction of all obligations under this Settlement Agreement and Release, the Benefit Funds will release and forever discharge IES LLC, Raymond Anthony Kuntz, and Wolfe Clark, along with their authorized representatives, agents, officers, and principals from any and all claims, debts, liabilities, obligations and causes of action, suits, claims and demands of any kind whatsoever, in law or equity, whether known or unknown, contingent or matured, and whether within the contemplation of the parties or not, which the Benefit Funds may have had, now have, or may have in the future against IES LLC, Raymond Anthony Kuntz, and Wolfe Clark, arising under or relating in any way to contributions, interest, liquidated damages, costs and attorneys' fees under the terms of IES LLC's Collective Bargaining Agreement with the International Union of Elevator Constructors, AFL-CIO, for the work period of October 2020 through April 2021. The parties specifically acknowledge that this Release does not extend to any withdrawal liability assessments, if any, in the future.

14. IES LLC specifically agrees that to the extent it has submitted inaccurate or incomplete remittance reports, the Benefit Funds do not waive or release any claims, actions, or causes of action and that nothing in this Settlement Agreement and Release, including Paragraph 13, will be construed to prevent the Benefit Funds from bringing an action in any court to compel an audit and/or any action for delinquent contributions and other amounts owed for any period of time covered by this Settlement Agreement and Release.

4

15. IES LLC certifies that it remitted all Elective Contributions owed to the Elevator Constructors Annuity and 401(k) Retirement Fund due as of the date of this Settlement Agreement.

16. Within five (5) days of a written request from the Benefit Plans, IES LLC agrees to provide any records the Benefit Plans determine are necessary to calculate any unremitted elective 401(k) deferrals, interest, and lost earnings owed to the Elective Contributions owed to the Elevator Constructors Annuity and 401(k) Retirement Fund.

17. Within five (5) days of a written request from the Benefit Plans, IES LLC agrees to provide all payroll records and time sheets for work performed by IES LLC's employees on any project that may be subject to a payment. IES LLC further agrees to assist the Benefit Plans in pursuing any available claim pursuant to a payment bond covering work performed by IES LLC's employees.

18. Raymond Anthony Kuntz, an owner and officer of IES LLC, acknowledges that they exercise discretionary authority and discretionary control with respect to the management of the Benefit Plans' "plan assets," that they are a "fiduciary" with respect to the Benefit Plans' "plan assets" under the Employee Retirement Income Security Act ("ERISA), and that they are personally liable for the amounts due and owing to the Benefit Plans that are part of this Settlement Agreement.

19. Wolfe Clark, an owner and officer of IES LLC, acknowledges that they exercise discretionary authority and discretionary control with respect to the management of the Benefit Plans' "plan assets," that they are a "fiduciary" with respect to the Benefit Plans' "plan assets" under the Employee Retirement Income Security Act ("ERISA), and that they are personally liable for the amounts due and owing to the Benefit Plans that are part of this Settlement Agreement.

20. IES LLC, Raymond Anthony Kuntz, and Wolfe Clark agree to release and forever discharge the Benefit Funds, along with their authorized representatives, agents, officers, and principals from any and all claims, debts, liabilities, obligations and causes of action, suits, claims and demands of any kind whatsoever, in law or equity, whether known or unknown, contingent or matured, and whether within the contemplation of the parties or not, which IES LLC, Raymond Anthony Kuntz, and Wolfe Clark, may have had, now have, or may have in the future against the Benefit Funds arising under or relating in any way to erroneously paid contributions under the terms of IES LLC's Collective Bargaining Agreement with International Union of Elevator Constructors, AFL-CIO for the work period of October 2020 through April 2021.

21. The terms of this Settlement Agreement are binding upon, and inure to the benefit of, the parties and their respective successors and assigns. Successors and assigns means, but is not limited to, any assignment, whether voluntary or involuntary, by merger (regardless of whether the party is the surviving or disappearing corporation), change of control, asset purchase, consolidation, dissolution, operation of law, sale, of any kind or other manner. IES LLC specifically warrants that in the event of a succession or assignment, it will place any successor or assignee on notice of this Settlement Agreement and Release, and will obtain the successor or assignee's express agreement to assume and be bound by this Settlement Agreement and Release and the Confession of Judgment.

22. This Settlement Agreement and Release shall be governed by the laws of Pennsylvania and applicable federal law.

23. It is agreed that if any part of this Settlement Agreement and Release is declared unlawful, invalid or unenforceable by any court or administrative body of competent jurisdiction, it shall not affect the validity or enforceability of any other provision hereof.

6

24.  The parties acknowledge that they have carefully reviewed the terms of this Settlement Agreement and Release and the Affidavit for Confession of Judgment and that each has had the opportunity to consult with counsel prior to executing this document.  The parties agree that each has participated in the drafting of this Settlement Agreement and Release and its attachment, that their terms are the combined efforts of all the parties, and that their terms shall not be construed against any party.

25.  This Settlement Agreement and Release and the Affidavit for Confession of Judgment represents the entire agreement and understanding of the parties with respect to all matters contained in it, and all prior agreements, and all understandings and representations, whether written or oral, are and have been merged herein and superseded by this Settlement Agreement and Release and the Affidavit for Confession of Judgment.  Any changes or modifications to this Settlement Agreement and Release and the Affidavit for Confession of Judgment may be made only if in writing and executed on behalf of all of the parties.

26.  Failure to insist on strict compliance with any of the terms of this Settlement Agreement and Release or the Affidavit for Confession of Judgment (by way of waiver or breach) by any party hereto shall not be deemed to be a continuous waiver in the event of any future breach or waiver of any conditions.

**IN WITNESS WHEREOF**, the parties have executed this Settlement Agreement and Release on the date stated above.

TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION FUND, NATIONAL ELEVATOR INDUSTRY HEALTH BENEFIT FUND, NATIONAL ELEVATOR INDUSTRY EDUCATIONAL PROGRAM, ELEVATOR INDUSTRY WORK PRESERVATION FUNDS, ELEVATOR CONSTRUCTORS ANNUITY AND 401(K) RETIREMENT PLAN

DATE: 7-1-21

By:    /s/ Andrew Costa-Kelser

Title: Fund Counsel

IES LLC

DATE: 7-1-21

By:

Title: Managing Member

RAYMOND ANTHONY KUNTZ

DATE: 7-1-21

By:

Title: Member | CFO

WOLFE CLARK

DATE:

By:

Title:

***National Elevator Industry Benefit Plans***

***IES LLC***

**Summary of Damages for Confession of Judgment**

|  |  | **Total** |
|---|---|---|
| **Amounts Owed Pursuant to Contribution Reports Received by the Benefits Office** | | |
| **Type** | **Amount** | |
| *Unpaid Contributions* | | |
| December 2020 | $20,480.04 | |
| January 2021 | $5,903.55 | |
| February 2021 | $28,143.95 | |
| March 2021 | $33,330.95 | |
| April 2021 | $33,585.75 | |
| | **$121,444.24** | **$121,444.24** |
| | | |
| *Interest Assessed on Late and Unpaid Contributions* | | |
| October 2020 through March 2021 | $780.59 | |
| Payroll Audit Interest | $345.78 | |
| | **$1,126.37** | **$1,126.37** |
| *Liquidated Damages* | | |
| December 2020 | $4,096.01 | |
| January 2021 | $1,180.71 | |
| February 2021 | $5,628.79 | |
| March 2021 | $6,666.19 | |
| April 2021 | $6,717.15 | |
| | **$24,288.85** | **$24,288.85** |
| | | |
| | | |
| **Amounts Owed Pursuant to Settlement Breach/Confessed Judgment** | | |
| **Type** | **Amount** | |
| *Interest at 9% on Confessed Judgment Balance* | | |
| As of September 30, 2022 | $8,451.11 | |
| | **$8,451.11** | **$8,451.11** |
| | | **$155,310.56** |
| | | |
| **Less Payments Made** | | **$77,903.60** |
| | | |
| **TOTAL** | | **$77,406.96** |

**National Elevator Industry Benefit Plans**

*IES LLC*

**Summary of Settlement Agreement Payment Amount**

| | | **Total** |
|---|---|---|
| **Amounts Owed Pursuant to Contribution Reports Received by the Benefits Office** | | |
| **Type** | **Amount** | |
| *Unpaid Contributions* | | |
| December 2020 | $20,480.04 | |
| January 2021 | $5,903.55 | |
| February 2021 | $28,143.95 | |
| March 2021 | $33,330.95 | |
| April 2021 | $33,585.75 | |
| | **$121,444.24** | **$121,444.24** |
| | | |
| *Interest Assessed on Late and Unpaid Contributions* | | |
| October 2020 through March 2021 | $780.59 | |
| Payroll Audit Interest | $345.78 | |
| | **$1,126.37** | **$1,126.37** |
| | | |
| **Total** | | **$122,570.61** |

# National Elevator Industry Benefit Plans

## IES LLC

## Interest Calculation Chart

| Work Month | Late Paid Contributions | Date Payment Due | Current Date/Date Payment Made | Days Late | Interest Rate | Interest Paid | Total Unpaid Interest |
|---|---|---|---|---|---|---|---|
| Oct-20 | $5,723.60 | 11/15/2020 | 2/22/2021 | 99 | 5.00% | $0.00 | $137.27 |
| Dec-20 | $20,480.04 | 1/15/2021 | 2/1/2021 | 17 | 5.00% | $0.00 | $205.58 |
| Jan-21 | $5,903.55 | 2/15/2021 | 5/20/2021 | 94 | 5.00% | $0.00 | $59.26 |
| Feb-21 | $28,143.95 | 3/15/2021 | 6/20/2021 | 97 | 5.00% | $0.00 | $211.61 |
| Mar-21 | $33,330.95 | 4/15/2021 | 7/20/2021 | 96 | 5.00% | $0.00 | $166.87 |
| Apr-21 | $33,585.75 | 5/15/2021 | 8/20/2021 | 97 | 5.00% | $0.00 | $0.00 |
| | | | | | | | **$780.59** |

**Unpaid Interest Assessed on Amount Determined by Payroll Audit**  $345.78

**$345.78**

*Total*     *$1,126.37*

National Elevator Industry Benefit Plans

IES LLC

Payment Schedule

| | |
|---|---|
| Payment Date: | 1st of each month |
| Principal Amount | $122,570.61 |
| Interest Rate | 5.00% |
| First Payment | 6/1/2021 |
| Months | 18 |
| Monthly Amount | $7,082.20 |

| Period | Payment Date | Beginning Balance | Payment | Principal | Interest | Cumulative Principal | Cumulative Interest | Ending Balance |
|---|---|---|---|---|---|---|---|---|
| 1 | 6/1/2021 | $122,570.61 | $7,082.20 | $6,571.49 | $510.71 | $6,571.49 | $510.71 | $115,999.12 |
| 2 | 7/1/2021 | $115,999.12 | $7,082.20 | $6,598.87 | $483.33 | $13,170.35 | $994.04 | $109,400.26 |
| 3 | 8/1/2021 | $109,400.26 | $7,082.20 | $6,626.37 | $455.83 | $19,796.72 | $1,449.87 | $102,773.89 |
| 4 | 9/1/2021 | $102,773.89 | $7,082.20 | $6,653.98 | $428.22 | $26,450.69 | $1,878.09 | $96,119.92 |
| 5 | 10/1/2021 | $96,119.92 | $7,082.20 | $6,681.70 | $400.50 | $33,132.39 | $2,278.59 | $89,438.22 |
| 6 | 11/1/2021 | $89,438.22 | $7,082.20 | $6,709.54 | $372.66 | $39,841.92 | $2,651.25 | $82,728.69 |
| 7 | 12/1/2021 | $82,728.69 | $7,082.20 | $6,737.50 | $344.70 | $46,579.42 | $2,995.95 | $75,991.19 |
| 8 | 1/1/2022 | $75,991.19 | $7,082.20 | $6,765.57 | $316.63 | $53,344.98 | $3,312.58 | $69,225.63 |
| 9 | 2/1/2022 | $69,225.63 | $7,082.20 | $6,793.76 | $288.44 | $60,138.74 | $3,601.02 | $62,431.87 |
| 10 | 3/1/2022 | $62,431.87 | $7,082.20 | $6,822.07 | $260.13 | $66,960.80 | $3,861.15 | $55,609.81 |
| 11 | 4/1/2022 | $55,609.81 | $7,082.20 | $6,850.49 | $231.71 | $73,811.29 | $4,092.86 | $48,759.32 |
| 12 | 5/1/2022 | $48,759.32 | $7,082.20 | $6,879.04 | $203.16 | $80,690.32 | $4,296.02 | $41,880.29 |
| 13 | 6/1/2022 | $41,880.29 | $7,082.20 | $6,907.70 | $174.50 | $80,718.98 | $4,267.36 | $34,972.59 |
| 14 | 7/1/2022 | $34,972.59 | $7,082.20 | $6,936.48 | $145.72 | $87,626.80 | $4,441.74 | $28,036.11 |
| 15 | 8/1/2022 | $28,036.11 | $7,082.20 | $6,965.38 | $116.82 | $87,684.36 | $4,384.18 | $21,070.74 |
| 16 | 9/1/2022 | $21,070.74 | $7,082.20 | $6,994.41 | $87.79 | $94,621.21 | $4,529.53 | $14,076.33 |
| 17 | 10/1/2022 | $14,076.33 | $7,082.20 | $7,023.55 | $58.65 | $94,707.91 | $4,442.83 | $7,052.79 |
| 18 | 11/1/2022 | $7,052.79 | $7,082.20 | $7,052.81 | $29.39 | $101,674.01 | $4,558.92 | $0.0 |

# Declaration of Robert O. Betts, Jr.
# Exhibit C

*National Elevator Industry Benefit Plans*

*IES LLC*

**Summary of Damages for Confession of Judgment**

**Total**

<u>**Amounts Owed Pursuant to Contribution Reports Received by the Benefits Office**</u>

| Type | Amount | |
|---|---|---|
| *Unpaid Contributions* | | |
| December 2020 | $20,480.04 | |
| January 2021 | $5,903.55 | |
| February 2021 | $28,143.95 | |
| March 2021 | $33,330.95 | |
| April 2021 | $33,585.75 | |
| | **$121,444.24** | **$121,444.24** |
| | | |
| *Interest Assessed on Late and Unpaid Contributions* | | |
| October 2020 through March 2021 | $780.59 | |
| Payroll Audit Interest | $345.78 | |
| | **$1,126.37** | **$1,126.37** |
| *Liquidated Damages* | | |
| December 2020 | $4,096.01 | |
| January 2021 | $1,180.71 | |
| February 2021 | $5,628.79 | |
| March 2021 | $6,666.19 | |
| April 2021 | $6,717.15 | |
| | **$24,288.85** | **$24,288.85** |

<u>**Amounts Owed Pursuant to Settlement Breach/Confessed Judgment**</u>

| Type | Amount | |
|---|---|---|
| *Interest at 9% on Confessed Judgment Balance* | | |
| As of September 30, 2022 | $8,451.11 | |
| | **$8,451.11** | **$8,451.11** |
| | | **$155,310.56** |
| | | |
| **Less Payments Made** | | **$77,903.60** |
| | | |
| **TOTAL** | | **$77,406.96** |

# National Elevator Industry Benefit Plans

## IES, LLC

## Interest Calculation Chart

| Confessed Judgment Amount | Date of Confessed Judgment | Current Date | Days Late | Daily Interest Calculation | Daily Interest Rate | Total Unpaid Interest |
|---|---|---|---|---|---|---|
| $75,162.13 | 7/1/2021 | 9/30/2022 | 456 | 0.02% | $18.53 | $8,451.11 |
| | | | | | | **$8,451.11** |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132(h), on this 12th day of October 2022 on the following:

Secretary of the Treasury
15th. and Pennsylvania Ave., N.W.
Washington, DC  20220
ATTN: Employee Plans
        Internal Revenue Service

Secretary of Labor
200 Constitution Avenue, N.W.
Washington, DC  20210
ATTN: Assistant Solicitor
        for Plan Benefits Security

s/ Andrew Costa-Kelser
Andrew Costa-Kelser